IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM DAVID BRAGG, | : | CIVIL ACTION |
| | : | |
| | : | NO. 08-4361 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al., | : | |
| | : | |
| Defendants. | : | |

**OPINION AND ORDER**

Joel H. Slomsky, J.                                                    July 1, 2009

I.      **INTRODUCTION**

Before the Court is a Motion to Dismiss Plaintiff William David Bragg's ("Plaintiff")

Complaint (Doc. No. 7).  It was filed by several Defendants, including the Court of Common

Pleas of Philadelphia County, and the Honorable Leonard A. Ivanoski, a Senior Judge of the

same Court of Common Pleas ("Judicial Defendants").[1]  In response, Plaintiff, who is proceeding

*pro se*, has filed two motions titled: "Motions to Proceed to Trial" (Doc. Nos. 9 and 10).

In the Complaint, Plaintiff brings a claim under 42 U.S.C. § 1983 against several

_____

[1]  In Defendants' Motion to Dismiss, defense counsel notes that although Plaintiff does
not name Sr. Judge Ivanoski as a Defendant in the caption of the Complaint, Plaintiff makes
allegations against Sr. Judge Ivanoski in § V of the Complaint, entitled: "Statement of Claim."
(See also, paragraphs 1, 3, 4, 5, and 6 of the Complaint) Accordingly, defense counsel also
entered her appearance on behalf of Sr. Judge Ivanoski and filed the Motion to Dismiss on his
behalf.

defendants, including Judicial Defendants, and the Philadelphia District Attorney's office and its Interstate Child Support Enforcement Unit.[2]  (Pl. Comp. at 4.)  Plaintiff alleges that Judicial Defendants deprived him of due process by discriminating against him on the basis of his sex and his status as a disabled person in an underlying Family Court action in which Plaintiff is alleged to have failed to pay child support.  (Id. at 4-5.)  It appears from the Complaint that Plaintiff is in custody for failure to pay child support.

In the instant case, Plaintiff seeks his immediate release from prison and requests that all charges against him be vacated and expunged from his record.  (Id. at 5.)  In addition, Plaintiff seeks injunctive relief to compel all Defendants "to return to order of conducting business in a manner which is just and right."  (Id.)

On June 3, 2008 Plaintiff attended a "Support Conference" presided over by Sr. Judge Ivanoski.  (Pl. Comp. at 4.)  Plaintiff alleges that the "Support Conference" was actually an "Enforcement Hearing" that led to his immediate incarceration for failure to pay child support. (Id.)  In order to enforce Plaintiff's legal obligation to provide child support, Judicial Defendants placed an assignment and levy against Plaintiff's Social Security Disability ("SSD") payments. (Id.)  This action effectively withheld Plaintiff's SSD payment and diverted that money to cover Plaintiff's child support obligations.  (Id.)  Plaintiff was subsequently incarcerated for "alleged arrears" in child support payments.  (Id. at 4-5.)

Plaintiff claims that Judicial Defendants are in direct violation of the "anti-garnishment,

---

[2]  While Plaintiff has brought suit against the defendants noted above, only Judicial Defendants have filed a Motion to Dismiss.

attachment, execution, levy provisions of SSI/SSD."[3]  (Pl. Comp. at 4.)  He provides no legal

support for this claim.  Plaintiff further alleges that Judicial Defendants were fully aware of the

absence of a writ of execution against Plaintiff's SSD monies at the time of the imposition of the

levy.  (Id.)  Plaintiff claims that on June 3, 2008, the Hearing Officer, before whom the Interstate

Child Support Enforcement Unit brought its action, acknowledged that Plaintiff was in full

compliance with his support order and, therefore, the levy was placed on his SSD payments

without probable cause and for the sole purpose of wrongfully extracting money from Plaintiff.

(Id. at 4-5.)

       In addition to Plaintiff's challenge to the alleged violation of the "anti-garnishment

provisions of SSD," Plaintiff states that the sanctions ordered, which include his incarceration

and the levy, are the result of discriminatory practices by  Defendants.  (Pl. Comp. at 4-5.)

Plaintiff alleges that Defendants discriminated against him on the basis of his sex as well as his

physical disability.  (Id. at 4.)  Plaintiff alleges that the Family Court and its officers continuously

disregard Plaintiff's disability, which requires a reasonable accommodation.  (Id.)  He also claims

that Defendants have not given enough consideration to his ability to make payments as a

disabled person and to the payments he has in fact made.  (Id.)  Plaintiff also claims that

Defendants unfairly place greater responsibility for support on Plaintiff as the father than on the

mother, and generally display an eagerness to aggressively prosecute a father for missing child

support payments.  (Id. at 4-5.)

       Judicial Defendants filed a Motion to Dismiss on March 19, 2009 (Doc. No. 7).  Plaintiff

_____

       [3]  "SSI/SSD" apparently refers to disability payments made to Plaintiff by the Social
Security Administration as discussed above.

filed two motions titled: "Motions to Proceed to Trial" on May 18, 2009 (Doc. No. 9) and May 28, 2009 (Doc. No. 10).  A review of Plaintiff's Motions show that Plaintiff is merely responding to Defendant's Motion to Dismiss and argues primarily that no Defendant should be afforded immunity because their actions do and would amount to a wrongful abuse of civil process. (Doc. Nos. 9 and 10).  For the reasons that follow, Judicial Defendants' Motion to Dismiss will be granted.

## II.   MOTION TO DISMISS STANDARD

Judicial Defendants have moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under a reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted) (reasoning that this statement of Rule 12(b)(6) standard remains acceptable following U.S. Supreme Court's decision in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007)).  To withstand a motion to dismiss under Rule 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level."  Phillips, 515 F.3d at 234.  When a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, No. 07-1015, 2009 U.S. LEXIS 3472, at *31 (2009) (reaffirming rationale set forth in Twombley).  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Id. at 29.  "[T]hreadbare recitals of the elements of a cause of action, supported by

4

mere conclusory statements do not suffice."  Id.

## III.    DISCUSSION

A.    Plaintiff's Claim Against the Court of Common Pleas of Philadelphia County Is Barred
By Eleventh Amendment Sovereign Immunity.

The Eleventh Amendment to the United States Constitution states: "The Judicial power
of the United States shall not be construed to extend to any suit in law or equity, commenced or
prosecuted against any one of the United States by Citizens of another State, or by Citizens or
Subjects of any Foreign State."  U.S. Const. amend. XI.  While the language of the Eleventh
Amendment does not, on its face, bar suit against a state in federal court brought by one of its
own citizens, the Supreme Court has consistently interpreted the Amendment as precluding suits
by a citizen against its own sovereign state.  Hans v. Louisiana, 134 U.S. 1, 13 (1890) (holding
that "inherent in the nature of sovereignty is the right not to be amenable to the suit of an
individual without its consent").

While Congress can abrogate states' Eleventh Amendment immunity, the Supreme Court
has required an unequivocal expression of congressional intent to "overturn the constitutionally
guaranteed immunity of the several states."  Pennhurst State Sch. and Hosp. v. Halderman, 465
U.S. 89, 99 (1984) (citing Quern v. Jordan, 440 U.S. 332, 342 (1979)).  The Court in Quern held
that the enactment of 42 U.S.C. § 1983 was not intended to abrogate the states' Eleventh
Amendment immunity.  440 U.S. at 342.  Eleventh Amendment immunity is applicable
regardless of the type of relief sought.  Pennhurst, 465 U.S. at 102; see also Alabama v. Pugh,
438 U.S. 781 (1978) (Eleventh Amendment immunity applies to suits seeking equitable relief);
Edelman v. Jordan, 415 U.S. 651 (1974) (Eleventh Amendment immunity applies to suits

seeking money damages).

While defendant states can waive their Eleventh Amendment sovereign immunity, there is a strong presumption against an Eleventh Amendment waiver, and a state can do so by express language or by overwhelming textual implications that provide no other reasonable interpretation. Florida Dep't of Health and Rehabilitative Serv. v. Florida Nursing Home Ass'n, 450 U.S. 147, 149-50 (1981) (citing Edelman, 415 U.S. at 673). As Judicial Defendants correctly note, Pennsylvania has specifically declined to waive the Eleventh Amendment immunity of the Commonwealth from suit in federal court. 42 Pa. Const. Stat. § 8521(b).[4]

The Pennsylvania Constitution clearly vests the judicial power of the Commonwealth in a "unified judicial system" which specifically includes the Courts of Common Pleas. Pa. Const. Art. V., sec. 1. The Pennsylvania Code regarding the Judiciary and Judicial Procedure includes "the courts and other officers or agencies of the unified judicial system" within the definition of the "Commonwealth government." 42 Pa. Const. Stat. § 102.

The Court of Common Pleas is included within the definition of the "Commonwealth government" of Pennsylvania and is an arm of the state. Since the Commonwealth has retained Eleventh Amendment immunity from suit in federal court, Plaintiff's claim against Judicial Defendant Court of Common Pleas is barred by Eleventh Amendment immunity and for this reason Plaintiff's Complaint will be dismissed as to this defendant.

---

[4] 42 Pa. Const. Stat. § 8521(b) provides that "nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."

B.    <u>Plaintiff's Claim Against Sr. Judge Ivanoski Is Barred By the Doctrine of Judicial Immunity.</u>

Plaintiff is challenging a judicial decision made by Sr. Judge Ivanoski, the presiding judicial officer in the underlying suit in Family Court that resulted in Plaintiff's alleged illegal incarceration.  Plaintiff seeks injunctive relief against Judge Ivanoski, compelling him to "return to [the] order of conducting business in a manner which is just and right." (Pl. Comp. at 5.) Plaintiff's claims and request for injunctive or other relief will be dismissed since Sr. Judge Ivanoski is entitled to judicial immunity from suit, even one alleging a § 1983 claim.

A judicial officer has absolute immunity from suit in the performance of his duties and will not be liable for his judicial acts.  <u>Mireles v. Waco</u>, 502 U.S. 9, 12 (1991).  Absolute judicial immunity has been consistently afforded a broad interpretation, and can be lost only when the judge did not perform a judicial act, or when the judge "acted in the clear absence of all jurisdiction."  <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978) (quoting <u>Bradley v. Fisher</u>, 80 U.S. 335, 351 (1872)).  The Supreme Court has consistently reaffirmed the application of judicial immunity in § 1983 actions, emphasizing the need not to deter judges in the performance of their official duties.  <u>Pierson v. Ray</u>, 386 U.S. 547, 553-54 (1967).

Prior to the Federal Courts Improvement Act of 1996 ("FCIA"), the Supreme Court held that judicial immunity did not apply to § 1983 claims for prospective relief, which includes an injunction, and attorney's fees against a judge in his judicial capacity.  <u>Pulliam v. Allen</u>, 466 U.S. 522, 541-542 (1984).  However, Section 309(c) of the FCIA amended 42 U.S.C.A. § 1983 to extend judicial immunity to bar injunctive relief against judges acting in their adjudicatory

capacity.[5]  Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 1996 U.S.C.C.A.N.

4202 (1996).  The legislative history of the FCIA notes that the purpose of Section 309(c) was

"to restore the doctrine of judicial immunity to the status it occupied prior to the Supreme Courts

decision in Pulliam v. Allen, 466 U.S. 522."  (Def. Mot. to Dismiss at 3) (citing S. Rep. No. 104-

366, at 36-7, (1996), as reprinted in 1996 U.S.C.C.A.N. at 4216-17).

        In addition, the bar against imposing injunctive relief against a judicial defendant finds

support in court decisions.  See e.g., Bolin v. Story, 225 F.3d 1234, 1242-1243 (11th Cir. 2000)

(relying on the FCIA amendment to § 1983 in holding that absolute judicial immunity serves to

protect federal judges from injunctive relief); Kamfer v. Scullin, 989 F. Supp. 194, 201-202

(N.D.N.Y. 1997) (citing the FCIA amendment to § 1983 as legislatively reversing Pulliam and

restoring absolute judicial immunity).  While the Third Circuit has not yet considered the scope

of the FCIA, the language of § 1983 and case law extends judicial immunity to bar the

imposition of injunctive relief against a judge performing his official duties.[6]  Consequently,

Plaintiff's request for injunctive or other relief against Sr. Judge Ivanoski will be denied and

Judge Ivanoski is dismissed as a defendant in this case.

---

        [5]  42 U.S.C.A. § 1983 now provides in pertinent part that "injunctive relief shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity... unless a declaratory decree was violated or declaratory relief was unavailable."

        [6]  See Nollett v. Justices of Trial Crt.of Com. of Mass., 83 F. Supp. 2d 204, 210 (D. Mass. 2000); Kuhn v. Thompson, 304 F. Supp. 2d 1313, 1322 (M.D. Ala. 2004); L.B. v. Town of Chester, 232 F. Supp. 2d 227, 238 (S.D.N.Y. 2002).

**IV.     CONCLUSION**

For the foregoing reasons, Judicial Defendants Motion to Dismiss will be granted with prejudice.  An appropriate Order follows.